UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL G. ABBOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | CASE NO.    C04-5403FDB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

    Plaintiff is approximately 48 years old, has a high school education, and past work experience as a commercial truck driver, food broker, sales representative, and transportation coordinator. Plaintiff's claims have been before two different administrative law judges with respect to his contention that he is disabled owing to various impairments, including daytime somnolence, shortness of breath, fatigue, diabetes, degenerative disc disease/pinched nerve in his back, numbed foot, swollen lower legs/ankles, hypogonadism, and sleep apnea. . The Appeals Council remanded a matter for consideration of two state physical evaluation reports that the ALJ had not considered. The second ALJ concluded that Plaintiff was not disabled, and request for review was denied by the Appeals Council. This cause of action followed. The Magistrate Judge recommends that this Court affirm the second ALJ's decision.

    Plaintiff has filed objections arguing that the only way to arrive at the conclusion that there is substantial evidence in the record to support a finding that Plaintiff is not disabled is to create a conflict in the medical records where none exists. Plaintiff also objects to the conclusion that because there is a lack

ORDER
Page - 1

of information about efforts by Plaintiff to remedy the difficulties he was having with his CPAP machine (prescribed for the treatment of sleep apnea) that Plaintiff was noncompliant with his doctor's recommendations.

Plaintiff asserts that there is no conflict in the records because all of Plaintiff's conditions are chronic and there is no need for a separate chart note every time Plaintiff filled out a disability form. Also, while there may be an MRI that shows no disc protrusion interfering with a nerve root, a July 30, 1999 MRI does show impingement slightly on the left S1 nerve root. Moreover, opinions of Drs. Bateman, Deem and Nehls either say that Plaintiff is disabled and unable to work or do not refute that conclusion. Plaintiff also asserts that it is well-documented that Plaintiff had difficulties with the CPAP machine and although there may not be information about Plaintiff's efforts to remedy the problems, this is no basis to conclude that Plaintiff had been noncompliant with his doctor's recommendations.

The ALJ's analysis of the record, however, is thorough, well reasoned, and properly resolves the stated conflicts that he found in the record. The cited passage in the Magistrate Judge's report (pp. 5-70 is an excellent example. Plaintiff's several complaints were examined with regard to how they did or did not restrict Plaintiff's ability to function. Reviewing the case as a whole, the Court cannot conclude that the decision to deny disability benefits should be reversed.

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge, objections to the report and recommendation, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation;

(2) The administrative decision is AFFIRMED; and

(3) The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 29th day of July 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2